NOT FOR PUBLICATION (Doc. No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KELLY MASCIO, | |
| Plaintiff, | Civil No. 16-206 (RBK/JS) |
| v. | **OPINION** |
| MULLICA TOWNSHIP SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Kelly Mascio's ("Plaintiff") Complaint against Defendants Mullica Township School District and Brenda Harring-Marro ("Defendants") asserting claims under the U.S. Constitution, New Jersey laws, negligence, intentional infliction of emotional distress, and defamation. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 3). For the reasons expressed below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**I.     BACKGROUND**

Plaintiff was employed as a kindergarten teacher at Mullica Township Middle School in the Mullica Township School District ("District"), where Defendant Brenda Harring-Marro served as the Superintendent. Compl. ¶ 1–2. On September 30, 2013, Plaintiff screened an educational film for her students and, during the screening, one male and one female student left the classroom to enter a single unit restroom connected to the room. Compl. Attach. Tenure

Hearing of Kelly Mascio and School District of Mullica Township, Atlantic County ("Arb. Op.") at 3. When another student informed Plaintiff that the male and female students were in the bathroom together, Plaintiff instructed the two students to exit and notified the school psychologist. *Id.* at 3–4. Upon questioning by the psychologist and principal, the students stated that they had removed some of their clothing and touched each other's private parts in the bathroom. *Id.* at 4.

The District initiated an investigation of the incident in December 2013. *Id.* at 6. The District filed tenure charges against Plaintiff, charging her with conduct unbecoming a teacher and unprofessional conduct due to her failure to properly supervise her students. *Id.* Because the charges requested termination, Plaintiff was under suspension during this time. *Id.* On June 20, 2014, an independent arbitrator appointed by the New Jersey Department of Education issued a final ruling on the matter. *See generally id.* The arbitrator denied the District's tenure charges against Plaintiff, but found that the District had proper cause to discipline Plaintiff due to her failure to properly supervise the two students. *Id.* at 24. The arbitrator issued a ten day suspension, and reinstated Plaintiff with uninterrupted seniority and service credit, with full back pay, medical insurance, and other benefits from the date of unpaid suspension to her reinstatement. *Id.*

Plaintiff alleges that, following the September 30, 2013 incident, Defendants defamed, harassed, and retaliated against her. Compl. ¶ 10–17. Plaintiff pleads that Defendant Harring-Marro made false statements about her at parent meetings, including accusations that Plaintiff was using her cellphone on September 30, 2013 and "watched children being abused and did nothing about it." *Id.* ¶ 10, 13. Plaintiff also alleges that District administrators conspired to revoke her tenure and terminate her. *Id.* ¶ 10–12. In addition, the District purportedly began

issuing her negative performance reviews and subjecting her to "selective, intrusive and unnecessary observation." *Id.* ¶ 15. Plaintiff furthermore asserts she was retaliated against and terminated based on her union affiliation. *Id.* ¶ 14. As a result of Defendant's actions, Plaintiff allegedly suffered damage to her reputation and severe emotional distress. *Id.* ¶ 17. On November 25, 2015, Plaintiff filed a Complaint in the Superior Court of New Jersey for claims under the U.S. Constitution, New Jersey laws, negligence, intentional infliction of emotional distress, and defamation. *Id.* ¶ 4–33. On January 13, 2016, Defendants timely filed for removal (Doc. No. 1). On January 21, 2016, Defendants brought the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 3).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.   DISCUSSION

#### A.   Count I — Civil Rights Violations

Plaintiff pleads that Defendants violated her rights to procedural due process, substantive due process, and equal protection under the U.S. Constitution. Plaintiff also alleges violations of "any substantive rights, privileges or immunity" under the New Jersey constitution and laws. The Court addresses each in turn.

*1. Procedural Due Process*

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." A procedural due process analysis involves a

two-step inquiry: (1) whether the complaining party has been deprived of a protected liberty or property interest, and (2) if so, whether the state's procedures comport with due process. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Here, Plaintiff received notice and a hearing before an independent arbitrator. Arb. Op. at 1, 6. However, the Complaint fails to advance any arguments regarding how that procedure failed to satisfy due process. Conclusory statements do not suffice. Plaintiff does not state a plausible procedural due process claim, and it is dismissed without prejudice.

      *2. Substantive Due Process*

Plaintiff also alleges that Defendants violated the right to substantive due process. Unlike the substantive rights protected by procedural due process, which emanate from state law, substantive due process rights emanate from the Constitution. *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 229–30 (1985) (Powell, J., concurring). Substantive due process rights are therefore narrower in scope. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000). The Supreme Court has cautioned that it is "reluctant to expand the concept of substantive due process." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). It has limited substantive due process rights to "fundamental" interests created by the Constitution. *Nicholas*, 227 F.3d at 140.

The Third Circuit has refused to recognize a constitutionally protected property or liberty interest in tenured employment. *Id.* at 143–44. Plaintiff neither cites authority holding otherwise nor explains how she was deprived of a constitutionally recognized interest. Thus, she has failed to articulate a cognizable substantive due process claim. Given that the Supreme Court has directed caution in expanding the scope of substantive due process protections, this Court dismisses Plaintiff's substantive due process claim with prejudice.

*3. Equal Protection Clause*

Plaintiff additionally asserts violation of her right to equal protection. The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated individuals. *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992). Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). The Complaint in this case contains no mention of membership in a protected class. Neither does it provide evidence of Plaintiff's treatment in comparison to others similarly situated or a lack of rational basis behind Defendant's conduct towards Plaintiff. Due to the failure to state a claim for relief, the equal protection claim is dismissed without prejudice.

*4. New Jersey Laws and Constitution*

Plaintiff asserts claims under "any substantive rights, privileges or immunity secured by the Constitution and laws of the State of New Jersey." Such a statement fails to specify a cause of action, much less plead sufficient factual matter to show a plausible claim. Plaintiff's claims under New Jersey law are dismissed without prejudice.

### B. Count II — Negligence

Defendants move to dismiss Plaintiff's negligence claim for failure to plead that Defendants owed or breached a duty of care to Plaintiff. In New Jersey, the elements of a cause of action for negligence are: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008). Determining whether a duty of care exists is "quintessentially a question of law for the court." *Highlands Ins. Co. v. Hobbs Grp., LLC*, 373 F.3d 347, 351 (3d Cir. 2004). New Jersey courts have found that employers have a duty to maintain a workplace free from harassment. *See Herman v. Coastal Corp.*, 791 A.2d 238, 252 (N.J. Super. Ct. App. Div. 2002). Even assuming that Defendants owe Plaintiff a duty of care, the Court finds that Plaintiff nonetheless fails to plead a plausible claim for negligence because she offers no evidence of Defendant's breach of duty. Plaintiff's allegations that Defendants subjected her to intrusive and unnecessary observations and negative performance reviews do not explain how such actions fall below the standard of care. Furthermore, Plaintiff's contentions that Defendants harassed and retaliated against her based on her union affiliation are merely conclusory and contain no factual matter required for an assumption of truth. The Court dismisses Plaintiff's negligence claim without prejudice.[1]

### C. Count III — Intentional Infliction of Emotional Distress

Defendants additionally move to dismiss Plaintiff's claim for intentional infliction of emotional distress. To prove a claim for intentional infliction of emotional distress, a plaintiff

---

[1] Defendants also argue that Plaintiff failed to submit proper notice of a claim pursuant to the New Jersey Tort Claims Act and that some of Plaintiff's negligence claims are barred under the statute of limitations. Def.'s Reply Br. at 13–19. Defendants raised both issues for the first time in their reply brief, despite the basic rule that parties are not to bring new arguments in reply briefs. *See United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996). Hence, this Court will not consider these two arguments by Defendants.

must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions proximately caused plaintiff's emotional distress; and (4) plaintiff's emotional distress was "so severe that no reasonable man could be expected to endure it." *Buckley v. Trenton Sav. Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988) (quoting Restatement (Second) of Torts § 46 cmt. j (Am. Law Inst. 1965)). To be extreme and outrageous, a plaintiff must show that the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts, § 46 cmt. d (Am. Law Inst. 1965)). It is "extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary." *Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 297 (N.J. Super. Ct. App. Div. 2001) (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988), *cert. denied*, 498 U.S. 811 (1990)). The severity of emotional distress is a question of law and fact, and the court must initially determine whether, as a matter of law, such emotional distress can be found. *Buckley*, 544 A.2d at 864.

Accepting as true all of Plaintiff's allegations and construing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has not stated a claim for intentional infliction of emotional distress. Plaintiff alleges that she suffered "severe emotional distress" because Defendants targeted her for intrusive observations and gave her negative performance reviews. Pl.'s Opp'n Br. at 9. Absent additional factors, monitoring and negative performance reviews alone do not constitute extreme and outrageous conduct. Additionally, the Complaint's recitation of the elements of intentional infliction of emotional distress do not suffice to make out a claim for relief. Accordingly, the Court dismisses Count III without prejudice.

### D. Defamation

Lastly, Defendants move to dismiss Plaintiff's claim for defamation as time-barred by the statute of limitations. Plaintiff brings a standalone defamation claim and also asserts defamatory acts as part of her negligence and intentional infliction of emotional distress claims. Negligence and intentional infliction of emotional distress claims that sound in defamation are subject to the statute of limitations governing defamation actions. *See Dairy Stores, Inc. v. Sentinel Pub. Co.*, 465 A.2d 953, 961 (N.J. Super. Ct. Law Div. 1983), *aff'd*, 486 A.2d 344 (N.J. Super. Ct. App. Div. 1985), *aff'd*, 516 A.2d 220 (1986) (negligence claim based on defamation); *Botts v. The New York Times Co.*, No. Civ. 03-1582, 2003 WL 23162315, at *8 (D.N.J. Aug. 29, 2003), *aff'd sub nom.*, *Botts v. New York Times Co.*, 106 F. App'x 109 (3d Cir. 2004) (intentional infliction of emotional distress claim based on defamation). As such, this section of the Court's analysis applies to Plaintiff's standalone defamation claim and the parts of the negligence and intentional infliction of emotional distress claims that are based in defamation.

Defamation claims "shall be commenced within 1 year next after the publication of the alleged libel or slander." N.J.S.A. 2A:14-3. Because Plaintiff filed her Complaint on November 25, 2015, Plaintiff can pursue only defamatory statements made on or after November 25, 2014. Plaintiff alleges that Defendants made defamatory statements in the period following September 30, 2013, more than one year outside the relevant time period. The Complaint contains no allegations of defamatory statements that were published on or after November 25, 2014, and Plaintiff's opposition brief fails to affirm that any defamatory statements were published within the statutory period. Plaintiff attempts to overcome this defect by arguing that Defendants' defamatory acts constitute a continuing violation, so that the statutory period begins to run from the time of the last defamatory statement. This argument cannot stand in light of the clear

statutory language that publication triggers the statutory period. N.J.S.A. 2A:14-3; *Lawrence v. Bauer Pub. & Printing Ltd.*, 396 A.2d 569, 571 (1979). Plaintiff also contends that its failure to identify additional defamatory statements is excused in light of Defendants' failure to produce documents in response to a records request. That argument too fails. A claim is not tolled where the plaintiff is aware of an actionable injury but lacks knowledge of its precise details. *See id.* Therefore, Plaintiff's defamation claims are untimely, and the Court dismisses Count IV with prejudice.

**V.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** as to Count I's substantive due process claim and Count IV, and **DISMISSED WITHOUT PREJUDICE** as to Count I's procedural due process, equal protection, and state law claims, Count II, and Count III.


Dated:    9/13/2016                                              s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge